# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>DARREN K. BYLER,<br><br>                  Defendant. | Case No. 3:15-cr-00008-SLG |

## ORDER REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Before the Court at Docket 299 is the government's Motion for Order Finding Waiver of Attorney-Client Privilege. Defendant Darren K. Byler filed a response in opposition at Docket 300. The government replied at Docket 301; however, the Court did not consider the government's reply because it is not in compliance with the District of Alaska Local Criminal Rules.[1]

In 2015, a jury convicted Mr. Byler of discharging refuse into Kodiak Harbor and using a false document during the course of the government's investigation.[2] Mr. Byler has filed a 28 U.S.C. § 2255 motion that alleges two ineffective assistance of counsel (IAC) claims.[3] Specifically, Mr. Byler alleges that his former

---

[1] D. Ak. L. Crim. R. 47.1(d) ("Unless otherwise ordered by the court, no reply memorandum will be filed.").

[2] Docket 129.

[3] Docket 292.

defense team, led by trial counsel Mike Dieni, was ineffective for (1) not raising a due process challenge to the manner in which the government investigated the case and (2) not fully investigating a potential defense witness.[4] The government's instant motion seeks an order finding that by filing the § 2255 claims, Mr. Byler has waived his attorney-client privilege "concerning communications with his former counsel Mike Dieni and former defense team" to the extent necessary for the government to respond to the two IAC claims.[5]

    Mr. Byler responds that the government does not have much need to consult with Mr. Dieni in order to have a fair opportunity to defend the § 2255 action. On the due process claim, the defense reasons that "[t]rial counsel should have raised the [due process] issue at trial regardless of whether it was the subject of an attorney-client discussion prior to trial." However, the defense acknowledges that the witness-related claim "does include a limited reliance on attorney-client communications."[6] But Mr. Byler maintains that the government has not made "a sufficient showing of need" to consult with Mr. Dieni and that the government is seeking too broad of an order.[7]

---

[4] Docket 292 at 15, 21.

[5] Docket 299-1.

[6] Docket 300 at 3–4.

[7] Docket 300 at 1.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Waiver of Attorney-Client Privilege
Page 2 of 6
Case 3:15-cr-00008-SLG   Document 302   Filed 11/20/20   Page 2 of 6

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."[8]  In *Bittaker v. Woodford*, the Ninth Circuit considered the scope of such a waiver, asking "[d]oes it extend only to litigation of the federal habeas petition, or is the attorney-client privilege waived for all time and all purposes—including the possible retrial of the petitioner, should he succeed in setting aside his original conviction or sentence?"[9]  The *Bittaker* Court held that by filing a habeas claim, the petitioner makes only a "narrow waiver," meaning that the waiver extends only to the litigation of the IAC claims and not to any subsequent retrial or any other proceeding.[10]  Mr. Byler appears to maintain that the Court should further parse the attorney-client communications and permit inquiry only as to those directly relevant to the IAC claims.  But to properly evaluate Mr. Byler's claims, the Court must consider whether Mr. Dieni's performance was reasonable in light of all of the circumstances.[11]  "It would be manifestly unfair to require respondent to try to defend against [an] IAC claim without giving it any ability to assess the content, timing, and context of petitioner's communications with trial counsel and trial

---

[8] *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc).  *Bittaker* applies to both the attorney-client privilege and the work-product privilege.  331 F.3d at 722 n.6.

[9] *Id.* at 716–17.

[10] *Id.* at 722.

[11] *United States v. Ross*, Case No. 08-00223DAE , 2012 WL 829779, at *3 (D. Haw. Mar. 9, 2012) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Waiver of Attorney-Client Privilege
Page 3 of 6
Case 3:15-cr-00008-SLG   Document 302   Filed 11/20/20   Page 3 of 6

counsel's staff."[12]  In contrast, it is not unfair to Mr. Byler to allow the government to inquire into privileged communications with his former counsel when Mr. Byler has put the performance of his former counsel at issue and the Court limits the government's use of the communications to defending against the § 2255 motion.[13]

The defense relies on *United States v. Amlani* to assert the "importance of narrowly circumscribing the parameters of a waiver of attorney-client privilege."[14] This Court agrees that the waiver must be no broader than needed to fairly litigate the § 2255 motion but finds that *Amlani* is not directly applicable here.  *Amlani* occurred in a unique procedural posture; the defendant raised a claim of "attorney disparagement" concerning his prior counsel on direct appeal (not a habeas claim of ineffective assistance), which was remanded to the district court.[15]  The district court found that the defendant had waived his privilege, and the government then issued subpoenas for privileged materials.[16]  The defendant sought a writ of mandamus from the Ninth Circuit, which held that it could give mandamus review

---

[12] *United States v. Sanchez*, Case No. CR 08-00640-VBF, 2013 WL 1397081, at *2 (C.D. Cal. Feb. 28, 2013).

[13] Moreover, it appears from the filed declarations of Mr. Byler and his co-defendant that at least some conversations that Mr. Byler had with his defense team took place in the presence of his co-defendant or his co-defendant's defense team.  Neither party has indicated that a joint defense agreement was in place at the time of these conversations.  *See United States v. Gann*, 732 F.2d 714, 723 (9th Cir. 1984) ("Because Gann knew, or should have known, that third parties were present, his attorney-client privilege claim must fail.").

[14] Docket 300 at 3 (citing *United States v. Amlani*, 169 F.3d 1189 (9th Cir. 1999)).

[15] 169 F.3d at 1191.

[16] *Id.*

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Waiver of Attorney-Client Privilege
Page 4 of 6
Case 3:15-cr-00008-SLG   Document 302   Filed 11/20/20   Page 4 of 6

of the case because the parties had no other means of appeal, the damage could not be corrected on appeal, and the situation was sufficiently novel.[17] And yet, the Ninth Circuit concluded that the district court had not erred in finding a waiver of attorney-client privilege because the defendant had put the communications in dispute and because the government had a need for the evidence.[18] The Ninth Circuit thus denied the petition for a writ of mandamus.[19]

The government is entitled to learn of Mr. Byler's concerning communications with his former attorney Mike Dieni and his former defense team to the extent necessary for the government to have a fair opportunity to make an informed defense against the IAC claims.[20] If Mr. Byler elects to proceed with his § 2255 claims, he will be deemed to have impliedly waived his attorney-client privilege with respect to all attorney-client communications necessary for the resolution of those claims.[21]

In light of the foregoing, IT IS ORDERED that the motion at Docket 299 is GRANTED as follows: Within **14 days of the date of this order**, Mr. Byler may

---

[17] *Id.* at 1194.

[18] *Id.* at 1195.

[19] *Id.* at 1196.

[20] A "court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose." *Bittaker*, 331 F.3d at 720.

[21] *See Bittaker*, 331 F.3d at 720.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Waiver of Attorney-Client Privilege
Page 5 of 6
Case 3:15-cr-00008-SLG   Document 302   Filed 11/20/20   Page 5 of 6

elect to withdraw his § 2255 petition. If he does not do so within that time, then this order shall become effective and the attorney-client privilege between Mr. Byler and his former counsel Mike Dieni is deemed WAIVED as necessary for the government to respond to the merits of the Sixth Amendment ineffectiveness claims raised in Mr. Byler's § 2255 motion, provided that any otherwise privileged materials shall not be used for any other purposes apart from litigating the merits of the § 2255 motion.

DATED this 20th day of November, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Waiver of Attorney-Client Privilege
Page 6 of 6
Case 3:15-cr-00008-SLG   Document 302   Filed 11/20/20   Page 6 of 6