# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>      v.<br><br>DARREN K. BYLER,<br><br>                   Defendant. | Case No. 3:15-cr-00008-SLG |

## ORDER REGARDING 28 U.S.C. § 2255 MOTION (CLAIM 2)

Before the Court at Docket 292 is Defendant Darren K. Byler's Amended Motion to Vacate Pursuant to 28 U.S.C. § 2255. The government responded in opposition at Docket 303. Mr. Byler replied at Docket 306. Mr. Byler raises two claims. This order addresses only Claim 2.[1]

### I. Procedural background

In February 2015, Mr. Byler was indicted on one count of violating the Refuse Act and one count of making False Statements.[2] In December 2015, after nine days of testimony, a jury convicted Mr. Byler of both counts.[3] Mr. Byler was represented by attorney Michael Dieni at trial. After trial but before sentencing, Mr. Byler obtained new counsel and filed two motions for a new trial,

---

[1] The Court will address Claim 1 in a separate order.

[2] Docket 2 at 5.

[3] Docket 129.

which were both denied.[4] Mr. Byer was sentenced to five years of probation.[5] Mr. Byler appealed his convictions; the Ninth Circuit Court of Appeals affirmed the convictions on June 20, 2018.[6] Mr. Byler filed a timely 28 U.S.C. § 2255 motion, followed by an amended motion. The amended motion asserts two grounds for relief. The claim addressed in this order, Claim 2, asserts that "defense counsel's failure to fully investigate potential witnesses regarding events at Pier 2 deprived Mr. Byler [of] his Sixth Amendment right to effective assistance of counsel."[7]

## II. Legal standards

Claim 2 is based on the alleged ineffective assistance of counsel. In order to succeed on an ineffective assistance of counsel claim, Mr. Byler must satisfy the two-pronged test set forth in *Strickland v. Washington*, which requires him to show both deficient performance of counsel and resulting prejudice.[8] Deficient performance requires a showing that trial counsel's representation "fell below an objective standard of reasonableness" as measured by prevailing professional

---

[4] Docket 172; Docket 191; Docket 196; Docket 204.

[5] Docket 217 (judgment).

[6] Docket 269; *United States v. Byler*, 727 Fed. Appx. 409 (9th Cir. 2018).

[7] Docket 292 at 21 (capitalization altered).

[8] 466 U.S. 668, 687 (1984).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 2 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 2 of 14

norms.[9] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[10] To show prejudice, Mr. Byler must prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[11]

Mr. Byler carries the burden of proving he is entitled to relief.[12]

### III. Counsel was not ineffective for failing to identify and locate potential witness Todd Hammett.

The background relevant to Claim 2 is straightforward: Mr. Byler owned the Wild Alaskan, a boat used as floating bar and strip club near Kodiak, Alaska. The Indictment charged Mr. Byler with unlawfully discharging raw sewage from the Wild Alaskan directly into the waters of Kodiak Harbor without a permit and with making materially false statements when he documented and reported that he had instead properly disposed of the raw sewage at Pier 2 of a harbor in Kodiak on July 30, 2014.[13]

**A. Defendant's assertions about the original investigation**

Claim 2 alleges that "trial counsel failed to find, interview, and call to testify, the only individual (Todd Hammett) who directly observed Mr. Byler dispose of

---

[9] *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

[10] *Strickland*, 466 U.S. at 689.

[11] *Id.* at 694.

[12] *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).

[13] Docket 2 at 4, 6.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 3 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 3 of 14

sewage at Pier 2 on July 30, 2014."[14] Specifically, Mr. Byler contends that when he docked the Wild Alaskan at Pier 2 on July 30, 2014, the vessel Arctic Ram was also docked there, and an employee of the Arctic Ram—identified as Mr. Hammett—"observed him discharging sewage [from the Wild Alaskan] at Pier 2 on July 30, 2014."[15] Mr. Byler maintains that he told defense counsel about the potential witness from the Arctic Ram and "strongly encouraged defense counsel to locate and interview that individual."[16]

In support of this claim, Mr. Byler has filed declarations of himself and of his wife.[17] The declarations aver that several weeks before trial, Mr. Byler told his counsel and the defense investigator about the potential witness from the Arctic Ram and gave them the name and telephone number for "Todd Hammett, Boat Watchman" so they could contact Mr. Hammett and find the person who Mr. Byler had seen smoking aboard the Arctic Ram when Mr. Byler was discharging sewage at Pier 2 on July 30, 2014.[18]

---

[14] Docket 292 at 22.

[15] Docket 292 at 22.

[16] Docket 292 at 22.

[17] Docket 292-1.

[18] Docket 292-1 at 2–3, ¶¶ 3, 6; Docket 292-1 at 7, ¶ 4.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 4 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 4 of 14

## B. The investigator's assertions about the original investigation

The first investigator has filed a declaration stating that in the summer of 2015 Mr. Byler provided her with the name of the vessel Arctic Ram, a phone number for the vessel, and a physical description of the person he saw aboard the Arctic Ram, but not with the name "Todd Hammett" because he said he did not know the name of person on the Arctic Ram.[19] She then obtained the name of the captain of the Arctic Ram from the harbormaster. When she called and spoke with the captain, the captain was cooperative but told her that none of the Arctic Ram crew members matched the physical description provided by Mr. Byler and that none of the crew members smoked.[20] The investigator averred that the Arctic Ram captain was "certain" and "adamant" and "did not waver" in his answers about his crew members.[21] The investigator notified Mr. Byler of the outcome of her conversation with the Arctic Ram captain and "Mr. Byler did not offer [her] any additional information or facts to follow up with in response to the potential witness at the *Arctic Ram*."[22]

---

[19] Docket 303-1 at 2, ¶¶ 9, 12, 13, 14.

[20] Docket 303-1 at 2, ¶¶ 10, 15, 16, 17.

[21] Docket 303-1 at 3, ¶¶ 18, 19.

[22] Docket 303-1 at 3, ¶¶ 24, 25.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 5 of 14

## C. The post-trial investigation and interview of Mr. Hammett

After Mr. Byler's trial was concluded, in May 2016, Mr. Byler obtained new counsel. In August 2016, new counsel filed a motion for a new trial, which did not mention a witness from the Arctic Ram or Mr. Hammett.[23] Sometime after October 18, 2016, ten months after trial, new counsel had a different investigator try and identify and locate Mr. Hammett. In October 2016, the new defense investigator contacted Mr. Hammett and shortly thereafter interviewed him.[24]

Mr. Hammett told the investigator that "on a day in late July 2014," he was aboard the Arctic Ram and observed a boat docked at Pier 2.[25] Mr. Hammett stated that he saw the operator of the boat appear to begin to offload sewage into the receptacle at Pier 2.[26] Mr. Hammett agreed this likely occurred on July 30, 2014, based on the harbor log showing that the Arctic Ram was at Pier 2 on that date.[27] Mr. Hammett stated that trial counsel and the first defense investigator had never contacted him.[28] A few weeks later, Mr. Hammett did a

---

[23] Docket 172 (first Motion for a New Trial).

[24] Docket 196 at 2 (second Motion for a New Trial); Docket 196-2 at 1, ¶ 2 (Aff. of investigator Andy Klamser).

[25] Docket 196-2 at 1, ¶¶ 3, 4.

[26] Docket 196-2 at 2, ¶¶ 5, 6.

[27] Docket 196-2 at 2, ¶ 5; *see also* Docket 196-1 (harbor log).

[28] Docket 196-2 at 2, ¶ 8.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 6 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 6 of 14

recorded telephone interview with the government's case agent in which he conveyed substantially the same information.[29]

### D. The government's position

The government does not contest that trial counsel and the defense investigator knew of a potential witness from the Arctic Ram. Instead, the government responds that trial counsel, through his investigator, "fully investigated all information [they] had regarding Todd Hammett, but [they] were unable to establish his existence or identity."[30]

### E. An evidentiary hearing is not warranted.

Mr. Byler requested an evidentiary hearing so that the Court can make factual findings "as to the nature and extent of trial counsel's investigation,"[31] but the Court finds that an evidentiary hearing is not necessary as to Claim 2 because "the files and records of the case conclusively show that the [defendant] is entitled to no relief."[32] Here, the declarations of Mr. Byler and of the investigator differ in one material way: Mr. Byler avers that he gave the investigator the specific name and telephone number of Todd Hammett; the investigator avers that Mr. Byler gave her the name and number to the Arctic Ram, which led to a dead end.[33]

---

[29] Docket 292-2 (transcript of interview).

[30] Docket 303 at 27.

[31] Docket 306 at 8.

[32] 28 U.S.C. § 2255(b).

[33] The affidavits also differ somewhat in that Mr. Byler and his wife aver that he gave the

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 7 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 7 of 14

The Court recognizes that "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive."[34] However, in some rare instances, "credibility may be determined without an evidentiary hearing where it is possible to 'conclusively' decide the credibility question based on 'documentary testimony and evidence in the record.'"[35]

The Court conclusively resolves the credibility issue in favor of the investigator for the following reasons: First and most importantly, Mr. Byler has previously asserted to this Court—when it would have aided his second motion for a new trial—that "Mr. Hammett's identity as a possible witness in this case was not known at trial."[36] Second, it is unlikely that the first investigator would have contacted the harbormaster and then the Arctic Ram captain to try and identify the crew member if she already had the specific name and contact number for Mr. Hammett. Finally, Mr. Byler's counsel who represented him in his motions for a new trial and at sentencing stated that he learned of the existence of Mr. Hammett "[o]n October 18, 2016,"[37] despite representing Mr. Byler since

---

investigator the information "weeks before trial in this case" (trial occurred in December 2015). Docket 292-1 at 3, 7. The investigator avers that Mr. Byler gave her the information in the summer of 2015. Docket 303-1 at 2, ¶ 9.

[34] *Blackledge v. Allison*, 431 U.S. 63, 82 n. 25 (1977).

[35] *Earp v. Ornoski*, 431 F.3d 1158, 1169–70 (9th Cir. 2005) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)).

[36] Docket 196 at 11.

[37] Docket 196 at 2 (Second Motion for a New Trial).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 8 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 8 of 14

at least May 11, 2016.[38]  It is not credible to believe that Mr. Byler would withhold from his new attorney for five months the existence of an eyewitness, particularly if he actually knew the name and telephone number for the witness and believed he was as crucial as Mr. Byler asserts Mr. Hammett to have been.  It is even more incredible to believe in light of the fact that Mr. Byler and his new counsel had already filed one motion for a new trial before Mr. Byler told his new counsel about the existence of Mr. Hammett.[39]  Because the record is inconsistent with Mr. Byler's recent sworn statements in his declaration, the Court finds them to be conclusively less credible than those of the investigator.

### F. Analysis

Mr. Byler contends that "[g]iven the ease upon which Todd Hammett was contacted by [the new defense investigator], there is no excuse for trial counsel's failure to contact and interview him [such that it] falls below the standard of reasonable investigation by defense counsel."[40]  Although Mr. Byler describes locating Mr. Hammett as a "simple" task,[41] the fact that an investigator was able to do so ten months after trial does not necessitate the conclusion that trial counsel's inability to locate Mr. Hammett the previous year constituted ineffective

---

[38] Docket 164 (Entry of Appearance).

[39] *See* Docket 172 (first Motion for New Trial, filed August 22, 2016).

[40] Docket 292 at 23.

[41] Docket 306 at 7.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 9 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 9 of 14

assistance.[42] Notably, Mr. Byler has not explained how the second defense investigator was able to identify or locate Mr. Hammett—the second investigator outlined the substance of his conversation with Mr. Hammett but did not provide *any* investigative background about how much time it took to identify and contact Mr. Hammett or how he did so.[43] Accordingly, Mr. Byler has not shown how locating Mr. Hammett was a "simple" task that could have been done by trial counsel.

Trial counsel used an experienced investigator—who herself had previously been a defense attorney[44]—to attempt to identify and locate Mr. Hammett. "Where [the Ninth Circuit] has found a failure to locate potential witnesses to constitute incompetent lawyering, the attorney refused to perform any investigation into leads directly related and of potentially great benefit to the defense."[45] Although the investigator was unsuccessful, nothing in the record indicates that trial counsel refused to investigate the lead or otherwise rendered ineffective assistance related to the investigation. Viewed in light of all the circumstances, trial counsel's decision not to expend further investigator

---

[42] *Cf. Palazzolo v. Burt*, 778 F. Supp. 2d 805, 813 (E.D. Mich. 2011) ("The fact that [a private investigator] was able to contact [potential witnesses] within a month or less speaks to trial counsel's failure to investigate.").

[43] Docket 196-2 (Aff. of Andy Klamser).

[44] Docket 256 at 20 (Trial testimony of Barbara Brink).

[45] *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir. 1995).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 10 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 10 of 14

resources to identify or locate Mr. Hammett was well within the wide range of professionally competent assistance.[46]

Notably, the procedural posture of this case has resulted in the parties greatly altering their positions on the issue at hand. In his second motion for a new trial—when he was represented by new counsel—Mr. Byler asserted that "[t]rial counsel exercised its due diligence in locating all possible witnesses who could corroborate Mr. Byler's version of the events. Trial counsel could not establish the identity of Mr. Hammett, however, despite its best efforts. Its inability to locate Mr. Hammett was not due to a lack of due diligence."[47] In its opposition to the second motion for a new trial, the government asserted that "assuming [Mr. Byler's] interaction with Mr. Hammett occurred, the record demonstrates that the defendant was both aware of Mr. Hammett's existence and his identity for more than two years prior to the filing of his second motion for a new trial."[48] In its order denying the motion for a new trial, the Court found that

---

[46] *See Abdul-Latif v. United States*, Case No. C13-1715JLR, 2014 WL 358422, at *4 (W.D. Wash. Jan. 30, 2014) (The defendant failed to establish ineffective assistance of counsel because he "provided his attorneys only a name and a description that the witness was a 'DOC volunteer' who lived in Everett, Washington, and had a son 'serving time in state custody.' With nothing more to go on, it is not unreasonable that defense counsel was unable to locate the purportedly favorable witness.").

[47] Docket 196 at 11. Mr. Byler now asserts that the second motion for a new trial was incorrect in stating that trial counsel acted diligently. Docket 292 at 23.

[48] Docket 198 at 8–9.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 11 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 11 of 14

"Mr. Byler has failed to show that Mr. Hammett's statements constitute newly discovered evidence, or that he was diligent in locating this evidence."[49]

The Court's findings in the order denying a new trial are not inconsistent with its findings herein. First, the Court reviews motions for a new trial and § 2255 motions under different standards. In reviewing Mr. Byler's § 2255 motion, the Court "must scrutinize counsel's performance deferentially: '[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"[50] Mr. Byler has not overcome the strong presumption that his trial counsel performed effectively. Second, when considering the motion for a new trial, the Court did not have the benefit of all the information and exhibits that have been submitted in this § 2255 action—specifically, the Court did not have a declaration from the original investigator discussing her efforts to identify and locate Mr. Hammett.[51]

## IV. Defendant has not demonstrated prejudice

Even if trial counsel's performance had fallen below an objective standard of reasonableness, Mr. Byler has not shown prejudice, *i.e.*, that there is a reasonable degree of probability that, but for counsel's unprofessional errors,

---

[49] Docket 204 at 3.

[50] *Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004) (quoting *Strickland*, 466 U.S. at 690).

[51] *See* Docket 204 at 2–3 (Order Re Second Motion for a New Trial) ("And there has been no showing made of . . . the efforts that were made to locate [Mr. Hammett]" by trial counsel.).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 12 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 12 of 14

the result of the trial would have been different.  Mr. Byler has not provided the Court with any sworn statement of Mr. Hammett, but the Court assumes for the purposes of this order that Mr. Hammett would have testified consistently with the statements he made to the defense investigator and the government's case agent.  As the Court has previously found, it "is not persuaded that 'a new trial' [this time with Mr. Hammett's testimony] would probably result in an acquittal":

> Mr. Byler presented considerable evidence at trial in support of his sewage disposal practices.  And in December 2014 he told the Coast Guard that he had not been successful using Pier 2 because he did not have the necessary compatible equipment—statements at direct odds with Mr. Hammett's statements.  The Court finds that had Mr. Hammett testified consistent with his recent statements, the outcome at trial would not have probably resulted in Mr. Byler's acquittal.[52]

Specifically, Mr. Hammett's presumed testimony would not have helped the defense at trial because it contradicts Mr. Byler's statements that were admitted at trial:  Mr. Byler told Coast Guard investigators that he was *unable* to properly dispose of sewage at Pier 2 because he had the wrong equipment.  He and Mr. Hammett now contend that Mr. Hammett watched him *successfully* dispose of sewage at Pier 2.[53]  Moreover, the government would have been able to impeach or contradict a number of details provided by Mr. Hammett about Mr. Byler's

---

[52] Docket 204 at 3 (Order Re Second Motion for a New Trial).

[53] Docket 292-1 at 3 (Decl. of Darren Byler); Docket 292-2 at 5–6 (transcript of case agent interview with Todd Hammett); Docket 196-2 at 2, ¶¶ 5, 6 (Aff. of Andy Klamser).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 13 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 13 of 14

actions on July 30, 2014.[54] Mr. Byler has not shown by a reasonable degree of probability that, but for counsel's alleged ineffectiveness, the result of the trial would have been different.[55]

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Byler is not entitled to relief based on ineffective assistance of counsel as to Claim 2. Therefore, IT IS ORDERED that Claim 2 of the motion at Docket 292 is DENIED. With respect to Claim 2, the Court further finds that Mr. Byler has not made the requisite substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[56] After a final judgment is entered in this case on all claims, Mr. Byler may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 25th day of August, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[54] *See* Docket 198 at 10–15.

[55] *See Strickland*, 466 U.S. at 694.

[56] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re 28 U.S.C. § 2255 Motion (Claim 2)
Page 14 of 14
Case 3:15-cr-00008-SLG   Document 307   Filed 08/25/21   Page 14 of 14