# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DARREN K. BYLER,<br><br>    Defendant. | Case No. 3:15-cr-00008-SLG |

## ORDER REGARDING MOTION TO QUASH

Before the Court at Docket 333 is a Motion to Quash Subpoena filed by third-parties Mike Tvenge and the City of Kodiak, Alaska.[1] Defendant Darren K. Byler, proceeding *pro se*, filed a response at Docket 339.

An evidentiary hearing regarding Claim 1 in this 28 U.S.C. § 2255 action is scheduled for tomorrow, December 17, 2021.[2] According to Mr. Tvenge, he was served with a subpoena *ad testificandum* (to testify) and *duces tecum* (to bring documents) on December 14, 2021.[3] Mr. Tvenge has moved to quash the subpoena because "[n]either testimony nor documents Mr. Tvenge could provide are relevant to any factual question to be addressed at the evidentiary hearing."[4]

---

[1] Mr. Tvenge is the City Manager for the City of Kodiak, Alaska. Docket 333 at 1.

[2] Docket 312.

[3] Docket 333 at 5.

[4] Docket 333 at 5.

Specifically, Mr. Tvenge asserts that "[t]here is no connection between Byler's allegations supporting Count 1 of his [§ 2255] motion and Mr. Tvenge . . . ."[5]

Mr. Byler responds that the City of Kodiak "had been working with local Kodiak Coast Guard Officials from the very beginning and participating in the investigation which led to my indictment and conviction," citing to a press release issued after his conviction that stated the Kodiak Police Department was one of the law enforcement agencies involved in the case.[6] Mr. Byler also responds that the City of Kodiak has committed the federal crime of tampering with evidence because it sank his boat "with the intent to interfere with an investigation or other proceedings by the Federal Government. (Evidentiary hearing and/or the opportunity to receive a new trial.))."[7] Mr. Byler also contends that Mr. Tvenge's "testimony is relevant to this hearing as it is essential to find out if the City colluded with Federal Coast Guard agents (Active or Retired) in anyway prior to the sinking of this vessel. As the outcome of this action is now a huge advantage to the Federal Government in this Appeals Process."[8] Mr. Byler asserts that the

---

[5] Docket 333 at 5.

[6] Docket 339 at 1.

[7] Docket 339 at 1.

[8] Docket 339 at 2.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Motion to Quash
Page 2 of 7
Case 3:15-cr-00008-SLG   Document 341   Filed 12/16/21   Page 2 of 7

boat itself is "critical evidence" that was destroyed in the middle of his "Constitutionally provided Appeals Process."[9]

## I. The Section 2255 habeas claim and underlying criminal convictions

The sole § 2255 claim to be addressed at tomorrow's evidentiary hearing is whether Mr. Byler's trial counsel was ineffective for not raising a due process challenge regarding the Coast Guard's "alleged misuse of civil investigation for the purpose of developing a criminal case."[10] The sinking of the vessel in 2021 is not related to the one claim to be addressed at the evidentiary hearing. Specifically, the remaining § 2255 claim alleges that

> [i]n this case, at the direction of SA Woods, Coast Guard [MSO] Lovette intentionally deceived Darren Byler into believing that civil regulations required that he provide the Coast Guard with documentation of his discharges of sewage from the M/V Wild Alaskan. Her assertion of authority was false. Furthermore, without authority to do so, she falsely threatened that immediate disclosure of such records ("this week") was necessary for Mr. Byler's business to keep open – an act of "sneaky deliberate deception." All of these misrepresentations were made at the express direction of SA Woods for his, then undisclosed, criminal investigation.
>
> SA Woods' plan was essentially a "perjury trap" – hoping to get from Mr. Byler written statement/record might be arguably false.[11]

---

[9] Docket 339 at 2.

[10] Docket 292 at 15.

[11] Docket 292 at 19.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Motion to Quash
Page 3 of 7
Case 3:15-cr-00008-SLG   Document 341   Filed 12/16/21   Page 3 of 7

The complained-of actions of SA Woods and MSO Lovette occurred between the spring and fall of 2014.[12] Their investigation resulted in federal criminal charges against Mr. Byler being filed in February 2015.[13] Mr. Byler was convicted after a jury trial in December 2015.[14]

## II.     The subsequent actions of the City of Kodiak

Mr. Tvenge became an employee of the City of Kodiak in August 2015 and was not involved in the prosecution of Mr. Byler.[15] In January 2018, an administrative hearing officer determined that the City of Kodiak had probable cause to impound Mr. Byler's boat, the Wild Alaskan—the same boat that had been involved in the criminal charges.[16] According to Mr. Tvenge, in 2021 Mr. Byler has repeatedly contacted state and federal law enforcement and the media in an attempt to have criminal charges brought against Mr. Tvenge and the City of Kodiak related to the impoundment of his boat.[17] The subpoena issued by Mr. Byler appears to relate to this impoundment and eventual sinking of the vessel, as it specifies that Mr. Tvenge bring with him for his video testimony

---

[12] Docket 292 at 3–5, 19–21 (amended § 2255 motion).

[13] Docket 2 (Indictment).

[14] Docket 123 (minute entry); Docket 129 (jury verdict).

[15] Docket 333 at 2.

[16] Docket 333 at 2–3.

[17] Docket 333 at 3; *see also* Docket 333-1–333-4 (e-mails from Mr. Byler to various entities).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Motion to Quash
Page 4 of 7
Case 3:15-cr-00008-SLG   Document 341   Filed 12/16/21   Page 4 of 7

> [a]ll emails between Mike Tvenge, the City's Harbormasters, the City of Kodiak's Attorneys that have been sent or received by Darren Byler. A transcript of the minutes from January 9, 2020 Kodiak City Counsel Meeting documenting the contact verbatim for the call at the beginning of the meeting and the additional call at the end of the meeting by Darren Byler offering to settle short of litigation with the City of Kodiak with the intent to return Byler's vessel, the Wild Alaskan to him and to the water. A copy of the EPA Chris Hadlick letter that you sent him verifying that you had met all requirements to sink Byler's vessel by Federal CFR's. The application you submitte[d] for the Disposal at Sea Permit to the EPA.[18]

### III. Applicable legal standard

A subpoena for documents should be quashed if not supported by a showing of relevancy, admissibility, and specificity.[19] Moreover, a subpoena issued pursuant to Federal Rule of Criminal Procedure 17 "is not intended to serve as a discovery tool, or to allow a blind fishing expedition seeking unknown evidence."[20] Federal Rule of Criminal Procedure 17(c)(2) authorizes a district court to quash a subpoena for documents "if compliance would be unreasonable or oppressive."

---

[18] Docket 337 (copy of subpoena).

[19] *United States v. Reed*, 726 F.2d 750, 577 (9th Cir. 1984) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)); *see also United States v. Fields*, 663 F.2d 880 (9th Cir. 1981) (applying the *Nixon* standard to third-party subpoenas).

[20] *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) and *United States v. Brown*, 479 F. Supp. 1247, 1251, n.7 (D. Md. 1979)).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Motion to Quash
Page 5 of 7
Case 3:15-cr-00008-SLG   Document 341   Filed 12/16/21   Page 5 of 7

Although Rule 17 does not set forth a standard to quash a subpoena for testimony, the Court finds it appropriate to apply the same standard to both subpoenas for documents and subpoenas for testimony.[21]

## IV. Analysis

Mr. Byler has not shown that Mr. Tvenge's anticipated testimony or the requested documents—which appear to relate only to the City of Kodiak's administrative impoundment and sinking of the boat pursuant to an EPA permit—are relevant to the inquiry as to the alleged constitutional violations by the Coast Guard investigators that occurred several years prior to the City of Kodiak impounding and eventual sinking of the boat.[22] It is insufficient for Mr. Byler to assert only that "it is essential to find out if the City colluded with Federal Coast Guard Agents . . . in anyway prior to the sinking of the vessel"[23]—the 2021 sinking of the Wild Alaskan is not relevant to whether the Coast Guard's 2014 investigation violated his constitutional rights. As to Mr. Byler's assertion that the

---

[21] *See United States v. Casher*, Case No. CR 19-65-BLG-SPW, 2020 WL 3270541, at *1, n.1 (D. Mont. June 17, 2020) ("Most often, a party invokes Rule 17(c)(2) to quash an unreasonable or oppressive request for documents—a subpoena duces tecum. For the purposes of this order, however, the Court assumes *arguendo* that Rule 17(c) is the proper vehicle for a motion to quash a subpoena for witness testimony."); *United States v. Hardy*, Case No. 3:16-cr-00006-MMD-VPC, 2017 WL 1163113, at *2 (D. Nev. Sept. 1, 2017) (even though the challenged subpoena was for testimony, not documents, "[t]he Court is not convinced that this distinction makes a difference here. Hardy does not demonstrate that [the subpoenaed party] has relevant, admissible information based on his personal knowledge . . . .").

[22] The subpoena does meet the specificity requirement in that it adequately identifies the documents and materials sought.

[23] Docket 339 at 2.

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Motion to Quash
Page 6 of 7
Case 3:15-cr-00008-SLG   Document 341   Filed 12/16/21   Page 6 of 7

sinking of the boat equated to the destruction of critical evidence, the boat would not have been evidence at this § 2255 hearing, and it is speculative to assume that a new trial would be granted or that the boat would be evidence in that trial. Moreover, Mr. Byler has not shown that the anticipated testimony or requested e-mails, meeting transcript, EPA letter, or Disposal at Sea application are admissible pursuant to the Federal Rules of Evidence at tomorrow's evidentiary hearing.[24]

Because Mr. Byler has not shown how Mr. Tvenge's anticipated testimony or the requested documents are relevant or admissible, the subpoena request is "unreasonable and oppressive," and the Court grants the motion to quash.

For the foregoing reasons, IT IS ORDERED that the motion to quash at Docket 333 is GRANTED.

DATED this 16th day of December, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[24] The Federal Rules of Evidence apply at § 2255 evidentiary hearings. Fed. R. Evid. 1101 (Commentary).

Case No. 3:15-cr-00008-SLG, *United States v. Byler*
Order Re Motion to Quash
Page 7 of 7
Case 3:15-cr-00008-SLG   Document 341   Filed 12/16/21   Page 7 of 7